**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| UNITED SPECIALTY INSURANCE COMPANY<br>1900 L. Don Dodson Drive<br>Bedford, TX 76021 | * * * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 21-cv-000587 |
| JOAN ANNA GRIPSHOVER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE AND ADMINISTRATOR OF THE ESTATE OF DAVID F. GRIPSHOVER<br>15742 Chesdin Point Drive<br>Chesterfield, Virginia 23838 | * * * * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DECLARATORY JUDGMENT**

Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff United Specialty Insurance Company brings this Complaint for Declaratory Judgment against Defendant Joan Anna Gripshover, Individually, and as Personal Representative and Administrator of the Estate of David F. Gripshover, and states as follows:

**Parties**

1. Plaintiff United Specialty Insurance Company ("USIC") is a corporation organized and existing in the State of Delaware.

2. Defendant Joan Anna Gripshover ("Gripshover") is an individual residing in Chesterfield County, Virginia.

3. The Estate of David F. Gripshover has been opened with the Clerk of the Circuit Court for Chesterfield County, Virginia.

## Jurisdiction and Venue

4. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction because the amount in controversy exceeds $75,000 and the parties have complete diversity of citizenship.

5. Pursuant to 28 U.S.C. § 2201, the matter in controversy involves a declaration of the rights, duties, and obligations of the parties under insurance policies.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Eastern District of Virginia as all parties regularly conduct business in Chesterfield County, Virginia and the events giving rise to the underlying complaint occurred in Chesterfield County, Virginia.

## The Underlying Lawsuit

7. On September 27, 2019, Gripshover filed a Complaint in the Chesterfield County Circuit Court, Case No. CL19003043-00, against Demetris Melinda Richardson seeking damages for the injuries to and resulting death of David F. Gripshover that occurred in an auto accident on April 30, 2019 (the "Underlying Lawsuit").

8. In the Underlying Lawsuit, Gripshover also gave notice pursuant to Va. Code §38.2-2206 of an intent to rely on uninsured or underinsured motorist coverage provided by a policy issued by USIC.

9. The Underlying Lawsuit remains pending in the Circuit Court for Chesterfield County.

10. At the time of the accident on April 30, 2019, David F. Gripshover was riding a 2005 Harley Davidson motorcycle owned by and registered in Virginia to Seisan Sina Hampaiy.

## The Policy

11. USIC insured Crown Motors, Inc. under an Auto Dealers Coverage Form policy of insurance, Policy No. 4252863, with effective dates of March 12, 2019 to March 12, 2020 (the "Policy").

12. Crown Motors, Inc. was a business owned and operated by David F. Gripshover.

13. The Policy included an Uninsured Motorists Endorsement pursuant to Virginia law to provide coverage required by the Virginia Uninsured Motorists Law, Va. Code §38.2-2206.

14. The Uninsured Motorists Endorsement provides in relevant part as follows:

**A. Words and Phrases With Special Meaning**

1. "You" and "your" mean the person or organization shown as the named insured in ITEM ONE of the declaration.

2. "Covered auto" means a motor vehicle, or a "temporary substitute", with respect to which the "bodily injury" or "property damage" liability coverage of the policy applies.

3. "Insured" means any person or organization qualifying as an insured in the **Who Is An Insured** section of this endorsement, including the personal representative of any insured. Except with respect to "our" Limit of Liability, the insurance afforded applies separately to each insured who is seeking coverage under this endorsement.

4. "Occupying" means in, upon, using, getting in, on, out of or off.

5. "Temporary substitute" means a motor vehicle that is being used in place of a "covered auto". The "covered auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**B. We Will Pay**

1. "We" will pay in accordance with the Virginia Uninsured Motorists Law, all sums the "insured" is legally entitled to recover as damages from the owner or operator of an "uninsured motor vehicle."

**C. Who Is Insured**

1. "You" or any "family member".

2. Anyone else "occupying" a "covered auto".

3. Anyone for damages he or she is entitled to recover because of "bodily injury" to which this coverage applies, sustained by another "insured" under **1.** or **2.** above.

15. On the basis of these policy terms, USIC disputes that it is obligated under the Policy to provide any coverage or benefits to Gripshover for the injuries and death of David F. Gripshover.

16. There exists an actual and justiciable controversy as to whether USIC has a duty to provide any coverage or benefits to Gripshover for the injuries and death of David F. Gripshover in connection with claims made by Gripshover in the Underlying Lawsuit.

## COUNT I
### USIC has no duty to provide any coverage or benefits to Gripshover under the Uninsured Motorists Endorsement

17. USIC specifically incorporates all of the above allegations as if set forth fully herein.

18. The motorcycle being driven by David F. Gripshover on April 30, 2019 was not a "covered auto" as defined by the Policy.

19. David F. Gripshover was not "occupying" a "covered auto" at the time of the accident on April 30, 2019.

20. The motorcycle being driven by David F. Gripshover on April 30, 2019 was not a "temporary substitute" as defined by the Policy.

21. USIC has no duty to provide any coverage or benefits to Gripshover for the injuries and death of David F. Gripshover in connection with claims made by Gripshover in the Underlying Lawsuit.

WHEREFORE, Plaintiff United Specialty Insurance Company respectfully requests this Honorable Court enter judgment in its favor and against Defendant Joan Anna Gripshover, Individually, and as Personal Representative and Administrator of the Estate of David F. Gripshover and declare the following:

a) That United Specialty Insurance Company has no duty to provide any coverage or benefits to Gripshover for the injuries and death of David F. Gripshover in connection with claims made by Gripshover in the Underlying Lawsuit.; and

b) Such other and further relief as the Court deems appropriate.

*/s/ Margaret Fonshell Ward*
Margaret Fonshell Ward (VSB# 94295)
DOWNS WARD BENDER HAUPTMANN & HERZOG, P.A.
Executive Plaza III, Suite 400
11350 McCormick Road
Hunt Valley, MD 21031
410-584-2800
Fax: 410-584-2020
mward@downs-ward.com
*Attorneys for Plaintiff*
*United Specialty Insurance Company*